**No. 57830.**—The International Nickel Company, Inc. *v.* United States, petition 6910–R (Pittsburgh).

JOHNSON, Judge: This petition for the remission of additional duties, filed under the provisions of section 489 of the Tariff Act of 1930, involves the importation of a new product, and the first of its kind imported in quantity into the United States. The merchandise was invoiced as sintered titanium metal pellets at a price of $4 Canadian currency per pound, including drums. The appraiser advanced the merchandise to $6.75 per pound, Canadian currency, net, packed. The importer filed appeals for reappraisement of the merchandise and hearings were had relative to the proper value. The importer sought to substantiate the invoiced value as the proper price of the merchandise when sold in wholesale lots, but, inasmuch as there had been eight sales of the merchandise in Canada as well as the United States in quantities ranging from 1 pound to 40 pounds, even though the evidence submitted on behalf of the producer was to the effect that such sales were purely for experimental purposes and that there had

never been sales in wholesale lots until the sales covered by the entries at issue, the court was of the opinion that such evidence was of little probative value in establishing the usual wholesale quantities. Nor was evidence of the price schedule in effect from July 1, 1949, to December 31, 1950, which listed various prices for sales in wholesale quantities of 100 to 499 pounds; 500 to 999 pounds; and 1,000 pounds or over, accepted as evidence of the usual wholesale quantities. The appraiser had adopted the price appearing upon such price list which was characterized as retail quantities of 25 pounds or less as the proper value of the merchandise, inasmuch as the majority of sales of the merchandise had been at such price. The court held that the plaintiff had failed to overcome the statutory presumption of correctness of such price found by the appraiser. The court, in referring to the plaintiff's theory of wholesale values, stated (27 Cust. Ct. 415, Reap. Dec. 8034):

* * * Despite the complete absence of any dishonest or sinister purpose, as is the case here, such a finding cannot be made.

The customs broker who filed the entries testified that he had made inquiries as to the proper value at which to enter the merchandise and had handed submission sheets to the appraiser covering each of the entries in question, requesting information as to the proper value. These submission sheets were admitted in evidence. The appraiser returned copies of the submission sheets stating upon each that there was no current information as to the value. The broker then contacted the petitioner as to the proper value and was advised that no special price arrangements were involved and the price shown upon the consumption entries was the price paid for the merchandise. The broker further testified that, 3 months after the entries had been made, the collector of customs notified his firm that the appraised value found for the merchandise covered by the five entries had exceeded the entered values, but at that time it was too late to file amended entries. In entering the merchandise, the broker testified he had no facts in his possession which were not fully disclosed to the appraiser; that he believed the values at which he entered the merchandise represented the correct value thereof; that entry at less value than that returned by the appraiser was not made with any intent to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value; and that he had no intent to defraud the revenue of the United States.

The assistant purchasing agent and assistant general storekeeper of the petitioner testified he was familiar with the facts surrounding the importation of the merchandise; that Mr. Burr of the United States Customs called at the Huntington plant with reference to the merchandise in question; that he, the witness, at the request of the purchasing agent, now deceased, produced all of the papers in connection with the transaction and he did not withhold any information in his possession. The witness further testified that to his knowledge no one employed by the petitioner, including himself, had any intent to defraud the revenue, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Neither of the witnesses produced by the petitioner were cross-examined by counsel for the Government.

From the evidence before the court, it is clear that the petitioner honestly believed that it was purchasing the merchandise at the proper value for wholesale quantities. It is also clear that, in entering the merchandise at a less value than that returned upon final appraisement, the petitioner was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

For the reasons stated, judgment will be entered granting the petition.